**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4165**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

KEAT SHAUN WINGATE,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge.  (3:03-cr-00015-MJP-1)

_____

Submitted:  November 30, 2006     Decided:  December 28, 2006

_____

Before WIDENER, KING, and SHEDD, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Reginald I. Lloyd, United States Attorney, Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellant.  Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States appeals the 135-month imprisonment sentence imposed on Keat Shaun Wingate by the district court following remand for resentencing. Wingate pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court originally sentenced Wingate to 262 months' imprisonment, based upon its mandatory application of the sentencing guidelines, and its enhancement of Wingate's base offense level based upon facts found by a preponderance of the evidence by the court and not charged in the indictment or admitted by Wingate, in violation of the Supreme Court's directive in United States v. Booker, 543 U.S. 220 (2005), which case was decided after the original sentencing, but before Wingate's appeal. We affirmed Wingate's conviction but vacated his sentence. On remand, the district court sentenced Wingate to 135 months' imprisonment, below the applicable mandatory statutory minimum sentence. The Government appeals, contending as its sole assertion of error that the district court erred in sentencing Wingate below the twenty-year statutory mandatory minimum sentence. We agree.

The decision in Booker did not change the rule that, absent motion by the Government on the basis of substantial assistance, judges are not at liberty to depart below an applicable statutory mandatory minimum sentence, and a mandatory statutory

limitation must be implemented where applicable.  See <u>United States</u> <u>v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005).  In finding that the district court correctly determined Wingate's base offense level, and directing the district court to resentence Wingate in accordance with <u>Booker</u> and <u>Hughes</u>,[*] we did not intend for the district court to disregard applicable statutory law, including the twenty-year mandatory minimum sentence applicable to Wingate's conviction.  <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2000); <u>U.S. Sentencing</u> <u>Guidelines Manual</u> § 5G1.1 (2004).  Accordingly, we vacate Wingate's sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]<u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005).

- 3 -